# **EXHIBIT A**

BRANDON J. BRODERICK, ESQ.
ATTORNEY I.D.# 009462006
BRANDON J. BRODERICK, LLC
65 East Route 4, First Floor
River Edge, New Jersey 07661
Attorney for Plaintiff
(201) 853-1505

| | |
|---|---|
| DANIEL WALTON,<br><br>               Plaintiff,<br>v.<br><br>WALMART INC. A/K/A WALMART STORES INC., ARD HAMILTON, LLC, HIGHLAND MANAGEMENT, JOHN DOE 1-10 fictitiously named), ABC CO. 1-10 (fictitiously named), and XYZ CORPORATIONS 1-10 (fictitiously named construction, maintenance, repair, and/or property management corporations),<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MERCER COUNTY<br><br>DOCKET NO.: MER-L-<br><br>**Civil Action**<br><br>**COMPLAINT**<br>**and**<br>**JURY DEMAND** |

The Plaintiff, DANIEL WALTON, residing at 208 S. Berlin Road in the Borough of Lindenwold, Camden County, New Jersey, by way of Complaint against the Defendants, says:

### FIRST COUNT

1. On or about the 7th day of January 2020, the Plaintiff, DANIEL WALTON, was lawfully on the premises located at or near 1750 Nottingham Way in the Township of Hamilton, Mercer County, New Jersey.

2. At the same time, the Defendants, WALMART INC. A/K/A WALMART STORES INC., ARD HAMILTON, LLC, HIGHLAND MANAGEMENT, JOHN DOE 1-10 fictitiously named), ABC CO. 1-10 (fictitiously named), and XYZ CORPORATIONS 1-10 (fictitiously named construction, maintenance, repair, and/or property management corporations), were the owners or were in control and operation of the premises.

3. At the same time, the Defendants, through arrangement, agreement, or acts or omission of agent, servant, employee, were responsible for the construction, remodeling, maintenance, repair, management, supervision or upkeep of the premises.

4. At the same time and place, the Defendants negligently and carelessly allowed a dangerous and hazardous condition to exist on the property or failed to warn of same which caused Plaintiff to sustain injuries.

5. As a direct and proximate cause of the foregoing, Plaintiff was caused to sustain serious and permanent injuries, has suffered great pain, shock and mental anguish and was and still is incapacitated and will be permanently disabled and has in the past and will in the future be caused to expend substantial sums of money for needed treatment.

6. Plaintiff has complied with all conditions precedent to suit.

**WHEREFORE**, Plaintiff, DANIEL WALTON, demands judgment against the Defendants, WALMART INC. A/K/A WALMART STORES INC., ARD HAMILTON, LLC, HIGHLAND MANAGEMENT, JOHN DOE 1-10 fictitiously named), ABC CO. 1-10 (fictitiously named), and XYZ CORPORATIONS 1-10 (fictitiously named construction, maintenance, repair, and/or property management corporations), jointly, severally or in the alternative, for damages, together with interest, costs of suit and attorney's fees.

## SECOND COUNT

1. Plaintiff repeats and reiterates each and every allegation contained in the First Count of the Complaint as if the same were fully set forth herein at length.

2. Defendants negligently hired, trained, supervised, and/or managed its agents, servants and/or employees, which negligence was a proximate cause of plaintiff's injuries.

3. Defendants, through their agents, servants and/or employees contributed to plaintiff's injuries by failing to provide adequate security, to properly secure the subject premises, and/or to eliminate conditions on the property that encourage criminal or other behavior that could foreseeably lead to bodily injury, and/or failed to warn of same.

**WHEREFORE**, Plaintiff, DANIEL WALTON, demands judgment against the Defendants, WALMART INC. A/K/A WALMART STORES INC., ARD HAMILTON, LLC, HIGHLAND MANAGEMENT, JOHN DOE 1-10 fictiously

named), ABC CO. 1-10 (fictitiously named), and XYZ CORPORATIONS 1-10 (fictitiously named construction, maintenance, repair, and/or property management corporations), jointly, severally or in the alternative, for damages, together with interest, costs of suit and attorney's fees.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Brandon J. Broderick, Esq. as designated trial counsel pursuant to R.4:5-1 (c).

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues herein.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to Rule 4:17-1 et seq., plaintiff hereby demands that all defendants provide answers to Uniform Interrogatories.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Demand is hereby made for the production of all documents referred to in the following Notice to Produce.

## NOTICE TO PRODUCE

Plaintiff hereby demands that all defendants provide the following documents:

1. Clear and legible copies of any signed or unsigned statements from any eyewitnesses to any aspect of the incident set forth in the Plaintiff's Complaint.

2. Clear and legible copies of all liability expert witness reports that the Defendant intend to rely upon at the time of trial.

3. All photographs of the location of the incident described in the Plaintiff's Complaint.

4. The names and addresses of all proposed witnesses for the Defendants.

5. Any and all videotapes of the incident described in Plaintiff's complaint.

## TIME-UNIT ARGUMENT

Please take notice that pursuant to Rule 1:7-1, plaintiff reserves the right to use a time-unit argument with reference to unliquidated damages.

## DEMAND TO PRESERVE EVIDENCE

All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social work or related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.) an any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation, Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**CERTIFICATION PURSUANT TO RULE 4:5-1**

Pursuant to Rule 4:5-1, the undersigned certifies that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

                                              BRANDON J. BRODERICK, LLC

                                              Brandon J. Broderick, Esq.
                                              Attorney for Plaintiff

Dated: April 2, 2021

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-000753-21**

**Case Caption:** WALTON DANIEL  VS WALMART INC. A/K/A W ALMART ST
**Case Initiation Date:** 04/10/2021
**Attorney Name:** BRANDON JAMES BRODERICK
**Firm Name:** BRANDON J. BRODERICK, ESQ. LLC
**Address:** 65 EAST ROUTE 4 1ST FL
RIVER EDGE NJ 07661
**Phone:** 2018531505
**Name of Party:** PLAINTIFF : WALTON, DANIEL
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** NJ eCourts Case Initiation Confirmation
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: DANIEL WALTON?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
If yes, please identify the requested accommodation:


**Will an interpreter be needed?** NO
If yes, for what language:


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/10/2021                                                                                       /s/ BRANDON JAMES BRODERICK
Dated                                                                                                                        Signed